**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | 2:03-cr-0500-LRH-LRL |
| ) | Motion to Suppress (#94) |
| LANCE MALONE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## REPORT & RECOMMENDATION

Before the court is defendant Lance Malone's Motion to Suppress the Fruits of Unlawful Surreptitious Electronic Surveillance and Wiretaps (#94). The court has considered the motion, the government's Response (#116),[1] and the arguments presented by counsel at the hearing on January 5, 2006.

Malone seeks an order suppressing as evidence telephone conversations that were "tapped" by the FBI pursuant to a number of court orders. He contends the evidence should be suppressed because in its affidavits supporting the wiretap applications the FBI made intentional or reckless misrepresentations or omissions of material fact, without which probable cause could not have been found. Malone requests an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). As an additional ground for suppression Malone contends that in monitoring the wiretapped conversations, the FBI did not comply with the court's directive that the interception of nonrelevant conversations be minimized.

The government denies that the affidavits in support of the wiretap applications contain

---

[1] Malone did not file a reply.

false statements or material omissions of fact.  The government contends that even if certain conversations were omitted from the FBI affidavits as Malone alleges, the affidavits still contained sufficient incriminating information to justify a finding of probable cause.  Therefore, according to the government, a *Franks* hearing is not warranted.  Additionally, the government notes that Malone offers no proof whatever of the government's purported failure to minimize the interception of nonrelevant calls.  Therefore, because the electronic surveillance materials filed with the affidavits make out a prima facie case of compliance with the minimization requirement, Malone's contention that the government failed to minimize should be rejected.

*1. The Franks Issue*

In deciding whether to issue a search warrant, a judge must "make a practical common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that . . . evidence of crime will be found in a particular place.  And the duty of a reviewing court is simply to  ensure that the [judge] had a 'substantial basis for ... conclud[ing]' that probable cause existed."  *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983)(citation omitted).  "The magistrate need not determine that the evidence sought is *in fact* on the premises to be searched ... or that the evidence is more likely than not to be found where the search takes place....  The magistrate need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit."  *United States v. Fannin*, 817 F.2d 1379, 1382 (9th Cir. 1987)(internal quotation marks and citation omitted).

The same "totality of the circumstances" test is used to determine whether there is probable cause to support the issuance of a wiretap order.  *United States v. Bankston*, 182 F.3d 296, 306 (5th Cir. 1999), *reversed on other grounds sub nom.*, *Cleveland v. United States*, 531 U.S. 1017 (2000).

> A district judge authorizing a wiretap must enter several statutorily-required findings of probable cause.  The judge must find probable cause to believe (1) that an individual is committing, has committed, or is about to commit specified offenses, ... 18 U.S.C. § 2518(3)(a); (2) that communications relevant to that

> offense will be intercepted through the wiretap, *id.* § 2518(3)(b); and (3) that the individual who is the focus of the wiretap investigation will use the tapped phone, *id.* § 2518(3)(d). Looking only to the four corners of the wiretap application, we will uphold the wiretap if there is a "substantial basis" for these findings of probable cause. *United States v. Stanert,* 762 F.2d 775, 778-79 (9th Cir. 1985); *see also Illinois v. Gates,* 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983).

*United States v. Meling*, 47 F.3d 1546, 1551-52 (9th Cir. 1995)(some citations omitted).

An accused may challenge the validity of an affidavit supporting a search warrant or a wiretap order by establishing that the affidavit contained a false statement of fact that was made deliberately or with reckless disregard for the truth. *Franks v. Delaware*, 438 U.S. 154, 170 (1978). In *Franks*, the Supreme Court held that a defendant seeking an evidentiary hearing to determine whether a facially valid affidavit in support of a search warrant contains false statements must make a substantial preliminary showing that the affidavit contains deliberately or recklessly false statements, without which the affidavit would not establish probable cause. The Ninth Circuit has held that "the Fourth Amendment mandates that a defendant be permitted to challenge a warrant affidavit valid on its face when it contains deliberate or reckless omissions of facts that tend to mislead," *United States v. Stanert, supra*, 762 F.2d at 780-81, as well as deliberately or recklessly false statements.

In his motion, Malone writes:

> This case presents a fundamental problem of an ongoing deliberate lack of candor with the Court and bias that caused an intentional omission of material facts. This conduct permeated the entire process of obtaining court authorization for seventeen months of intercepts of over thousands of conversations amongst hundreds if not thousands of people with reasonable expectations of privacy in their communications.
>
> Defendants request a hearing on this matter to present to the Court statements made by themselves and others that were intercepted during the investigation, known to the federal agents conducting it and not disclosed to the courts that were asked to authorize the interception activity. It is respectfully submitted that it can be demonstrated that the entire process was polluted by these deliberate omissions and the false impressions that they left upon

3

1         the issuing Courts.

2 Motion (#94) at 10.

3         Notwithstanding his allegation that there was "an ongoing deliberate lack of candor with the Court," and that "it can be demonstrated that the entire process [of seeking court authorization for the wiretaps] was polluted by these deliberate omissions and the false impressions that they left upon the issuing Courts," Malone has not pointed to a single example of a deliberate or reckless omission of an exculpatory fact whose inclusion in any of the affidavits at issue would have undermined the affidavit's showing of probable cause to believe that Malone was engaged in a corrupt relationship with Michael Galardi, Dario Herrera or Mary Kincaid-Chauncey. In neither his written motion nor his oral argument on January 5, 2006 did Malone attempt to identify even one material omission or, for that matter, one false statement whose inclusion in any of the affidavits contributed to the showing of probable cause. In order to merit an evidentiary hearing on a *Franks* claim it was incumbent upon Malone to make a *substantial preliminary showing* of deliberate or reckless material omissions or false statements, without which the affidavit would not have demonstrated probable cause. He has made *no* showing, substantial or otherwise, of any material omissions or false statements in any of the affidavits. His motion must therefore be denied without an evidentiary hearing.

*2. The Minimization Issue*

        Title 18, United States Code, Section 2518(5) requires that every authorized electronic surveillance "be conducted in such a way as to minimize the interception of communications not otherwise subject to interception under this chapter . . . ." "Communications not otherwise subject to interception" are conversations that are not relevant to the criminal activity under investigation. "The statute does not forbid the interception of all nonrelevant conversations, but rather instructs the agents to conduct the surveillance in such a manner as to 'minimize' the interception of such conversations. Whether the agents have in fact conducted the wiretap in such a manner will depend on the facts and circumstances of each case." *Scott v. United States*,

436 U.S. 128, 139-40 (1978).

> Minimization requires that the government adopt reasonable measures to reduce the interception of conversations unrelated to the criminal activity under investigation to a practical minimum while permitting the government to pursue legitimate investigation. The standard for minimization is reasonableness. . . . The mere interception of calls unrelated to the [criminal activity] does not indicate a failure to meet the minimization requirement.

*United States v. Torres*, 908 F.2d 1417, 1423 (9th Cir. 1990)(citations omitted).[2]

To succeed on a minimization claim, the defendant must establish with particularity the existence of a "clear pattern of any substantial number of innocent calls which could be said to have required [the government] to order termination of interception of those calls thereafter." *United States v. Chavez*, 533 F.2d 491, 495 (9th Cir. 1976). Where a defendant fails to identify specific conversations that could and should have been minimized, the court need only determine "whether the government has shown a prima facie case of compliance with the minimization requirement." *United States v. Torres*, 908 F.2d at 1423. To do so, the government need only show that it adopted reasonable *procedures* designed to assure compliance. Such procedures include the following: instructing the monitoring agents on the requirements of and need for minimization; insuring that the monitoring agents read and sign a written copy of the minimization guidelines; and making a supervising case agent and Assistant U.S. Attorney available to the monitoring agents twenty-four hours a day for

---

[2] In *Scott v. United States, supra*, the Supreme Court observed, for example:

During the early stages of surveillance the agents may be forced to intercept all calls to establish categories of nonpertinent calls which will not be intercepted thereafter. Interception of those same types of calls might be unreasonable later on, however, once the nonpertinent categories have been established and it is clear that this particular conversation is of that type. Other situations may arise where patterns of nonpertinent calls do not appear. In these circumstances it may not be unreasonable to intercept almost every short conversation because the determination of relevancy cannot be made before the call is completed.

*Id.* at 141.

consultation and advice concerning minimization procedures. *Id.*

In his motion Malone asserts:

> Although the government agents pay lip service to the requirement in the various authorization orders that the invasion of privacy be minimized and that the listening be terminated where no incriminating conversations are occurring ... , an examination of the actual recordings as compared to the line sheets make a mockery of the government agents (sic) efforts.

Motion (#94) at 11. Unfortunately, Malone points to no single intercepted conversation that, in his opinion, could and should have been minimized. All that he has offered is a generalized, unsupported allegation that the government failed to comply with minimization requirements. In the face of such a generalized allegation the government need show only that the procedures it adopted to insure compliance with the minimization requirement were reasonable.

The Minimization Instructions, which were authored by two Assistant U.S. Attorneys and distributed to the supervising case agent and the assigned monitoring agents, provided detailed guidelines for the monitoring of intercepted conversations. First, the Instructions required that before an agent engaged in any monitoring, he or she read not only the instructions themselves, but also the application for the electronic surveillance order, the supporting affidavit, and the court's order authorizing the surveillance. The monitoring agents were required to acknowledge in writing that they read the documents in question. The Instructions apprised the monitoring agents of the nature of the investigation and of the individuals who were the subjects of the investigation. The Instructions provided detailed directions on how to "spot monitor" conversations in order to determine whether a subject was participating in a conversation and whether the conversation was criminal in nature. The spot monitoring rule of thumb of two minutes per interception, followed by at least one minute between interceptions, is consistent with court-approved guidelines. Moreover, consistent with the observations of the Supreme Court in *Scott v. United States*, *supra* at footnote 1, the Instructions further provide at paragraph 6:

> The above instructions regarding the number of minutes of permissible interception will vary once the monitoring agents gain experience. If experience shows that the conversations between certain people are invariably innocent, interception of such conversations should be ended sooner. If experience shows other individuals *always* discuss criminal activities, longer interception may be justified. Notify the case agent if patterns develop.

Minimization Instructions dated June 15, 2001 at page 4 (emphasis in original). Finally, it is clear from a reading of the Instructions as a whole that the supervising case agent and an Assistant U.S. Attorney are always available for consultation should the need arise.

The foregoing amply demonstrates that the minimization procedures employed in this case were reasonable and consistent with the orders authorizing the electronic surveillance. Malone's contention that the wiretaps should be suppressed because the government did not properly minimize nonrelevant calls is without merit.

## RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned U.S. Magistrate Judge that Malone's Motion to Suppress the Fruits of Unlawful Surreptitious Electronic Surveillance and Wiretaps (#94) should be denied.

DATED this 24[st] day of July, 2006.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**

7