UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                                     )<br>            Plaintiff,                        )<br>                                                     )<br>   v.                                              )<br>                                                     )<br> LANCE MALONE,                         )<br>                                                     )<br>            Defendant.                     )<br>_____ ) | 02:03-CR-00500-LRH-LRL<br><br>ORDER |

Presently before the court is Lance Malone's ("Malone") Motion for Change of Venue or, in the Alternative, to Continue Trial (# 464[1]). The United States of America has filed an opposition (# 475), and Malone subsequently filed supplemental exhibits in support of his motion (# 477).

**I. Factual and Procedural Background**

On November 11, 2006, a Criminal Indictment was filed with this court charging Malone and alleged co-conspirators Dario Herrera ("Herrera") and Mary Kincaid-Chauncey ("Kincaid-Chauncey") with, among other things, conspiracy in violation of 18 U.S.C. § 371, wire fraud in violation of 18 U.S.C. §§ 1343 and 1346, and extortion under color of official right in violation of 18 U.S.C. § 1951. The charges in this case stem from an alleged corrupt relationship between Malone, Clark County Commissioners Herrera and Kincaid-Chauncey, and Michael Galardi, the former owner of several Las Vegas strip clubs.

---

[1] Refers to the court's docket number.

On February 6, 2006, this court granted Herrera's motion to sever and ordered that Malone be tried separately from Herrera and Kinaid-Chauncey. The trial of Herrera and Kincaid-Chauncey commenced on March 15, 2006, and resulted in several convictions for each of the two defendants. The two-month jury trial of Herrera and Kincaid-Chauncey received wide-spread media coverage throughout the Las Vegas Metropolitan area.

On July 14, 2006, Malone filed his motion to change venue. Malone is seeking to move his trial from the Lloyd D. George United States Courthouse in Las Vegas, Nevada to another location within the District of Nevada. Trial in this matter is currently scheduled to commence on September 18, 2006.

**II. Discussion**

Rule 18 of the Federal Rules of Criminal Procedure provides,

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice.

Fed. R. Crim. P. 18.[2] Thus, in considering a location for trial within the District of Nevada, the court must consider the convenience of trying this case outside of Las Vegas along with the prompt administration of justice. *See id*. Prejudice to the defendant should also be considered in determining the proper location for a trial within a district. *See* Fed. R. Crim. P. 18 advisory committee's note (1966) ("If the court is satisfied that there exists in the place fixed for trial prejudice against the defendant so great as to render the trial unfair, the court may, of course, fix another place of trial within the district (if there be such) where such prejudice does not exist.")

In the present case, Malone argues that the incessant negative publicity surrounding this case makes it impossible to try this case in Las Vegas free from prejudice. To support his

---

[2] Federal Rule of Criminal Procedure 21(a) is inapplicable to the instant motion as no request has been made to transfer this case to another district.

argument, Malone has attached approximately 4,000 pages of broadcast summaries and newspaper articles relating to the publicity that has surrounded this case. In opposition to the motion, the Government argues that Malone has failed to demonstrate that so great a prejudice exists to warrant changing the trial location.

The court has examined the exhibits submitted by Malone along with the relevant law and concludes that Malone has failed to demonstrate prejudice that would warrant a change in the location of his trial. The vast majority of the news reports submitted by Malone contain factual statements concerning the proceedings in this case. Moreover, the majority of the media coverage surrounding this case ceased several months ago following the convictions of Herrera and Kincaid-Chauncey. Although Malone is correct that the media coverage of this case has been extensive, he has failed to demonstrate that this news coverage is likely to result in prejudice. Therefore, upon considering the convenience of Malone and the witnesses, and the prompt administration of justice, the court will deny Malone's motion without prejudice. Malone may renew his motion if voir dire indicates prejudice that would interfere with his right to an impartial jury.

IT IS THEREFORE ORDERED that Malone's Motion for Change of Venue or, in the Alternative, to Continue Trial (# 464) is hereby DENIED without prejudice.

IT IS SO ORDERED.

DATED this 9th day of August, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3