UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) 2:03-cr-00500-LRH-LRL |
| vs. | ) ORDER |
| LANCE MATTHEW MALONE, | ) |
| Defendant. | ) |

Before the court is Defendant LANCE MATTHEW MALONE's (hereafter "MALONE") Motion to Correct Sentence (Doc. #574), and the Government's Response in Opposition (Doc. #583).

MALONE challenges the court's sentencing guideline calculations related to his prison sentence of seventy-two (72) months.

In calculating the offense level applicable to MALONE's sentencing guideline range, the court calculated a fourteen (14) level enhancement under § 2C1.1(b)(2)(A) of the Sentencing Guidelines. In pertinent part, this section provides:

> If the value of the payment, the benefit received or to be received in return for the payment, or the loss to the government from the offense, whichever is greatest . . . increase by the number of levels from the table in § 2B1.1.

U.S.S.G. § 2C1.1(6)(2)(A).

In calculating this sentence enhancement, the court's calculations were based upon the amounts actually paid, contemplated or offered to various public officials (an initial payment to Malone of $20,000.00, $70,000.00 to Kenny, $78,000.00 to Herrera, $20,000.00 to Kincaid-

Chauncey, $20,000.00 contemplated for Ardel Jorgenson, an offered payment of $100,000.00 to Kenny, and $42,000.00 in payments to public officials in San Diego, California). Additionally, the court included $200,000.00 in compensation paid directly to MALONE by Galardi during the course of the bribery and payoff scheme[1]. These amounts totaled $550,000.00, which the court aggregated because they reflected what Galardi was willing to pay to obtain the graft he sought from the public officials.

MALONE asserts that the court should not have included his $200,000.00 in compensation because it was not part of the actual and contemplated payments to the public officials. His motion correctly cites the law but mischaracterizes MALONE as the person who paid the bribes and ignores the purpose of the payments which were made.

The fact is all funds originated from Galardi. While MALONE usually delivered or held the funds as Galardi's bagman, the funds always came or would have come from Galardi. And they were always paid or offered by Galardi for Galardi's personal financial gain.

MALONE was integrally involved with Galardi in the bribery and payoff scheme, and the court calculated the undisputed value of all this at the $550,000.00 figure. Based upon these findings, the court concluded that the sentencing enhancement allocable to the calculation under § 2C1.1 was fourteen (14) points. This theme is supported by § 2C1.1(b)(2)(A) and one of its background notes:

> In determining the net value of the benefit received or to be received, the value of the bribe is not deducted from the gross value of such benefit; the harm is the same regardless of value of the bribe paid to receive the benefit. Where the value of the bribe exceeds the value of the benefit or the value of the benefit cannot be determined, the value of the bribe is used because it is likely that the payer of such a bribe expected something in return that would be worth more than the value of the bribe. <u>Moreover, for deterrence purposes, the punishment should be commensurate with the gain to the payer or the recipient of the bribe, whichever is higher</u>. (Emphasis added.)

U.S.S.G. § 2C1.1(b)(2)(A) application notes.

---

[1] The evidence presented at the Herrera, Kincaid-Chauncey trial showed that MALONE actually received considerably more than $200,000.00 in compensation from Galardi. However, at sentencing of MALONE, the court conservatively established the amount of his compensation at $200,000.00.

1    Section 2C1.1 plainly envisions that the punishment should fit the crime, and the measure
2 of the crime is the greater of either the benefit to be received by the payer or the total of what the
3 payer paid in bribes. The court finds that the value to Galardi from the bribes that were paid
4 clearly exceeded what he paid to bring them about. While the court cannot determine the total
5 amount of the benefit that was to be received in return for Galardi's bribes, the court certainly
6 finds that the benefit exceeded $550,000.00.[2] This aggregate figure is assessable against
7 MALONE because he was a principal with Galardi in the implementation and execution of the
8 entire scheme.
9    The conduct of MALONE and Galardi constituted a systematic and pervasive corruption
10 of public officials and resulted in a great loss of public confidence in government in Nevada.
11 Not only were the affected public officials elected members of the most powerful county
12 commission in the state, one of them, Herrera, was a strong candidate for election to the United
13 States Congress and another, Kenny, was a strong candidate for election as Lieutenant Governor
14 for the State of Nevada. In 2001, both Herrera and Kenny were campaigning vigorously for their
15 national and state-wide elections during the same time that they were receiving the bribes and
16 offers of bribes that were coming through MALONE.[3] The pervasiveness of this corruption by
17 powerful local public officials who were aspiring to state and national office clearly exacerbated
18 the loss of public confidence in government that occurred here. For these reasons, if the
19 $200,000.00 paid to MALONE by Galardi had not been includable in the calculation under
20 § 2C1.1 of the sentencing guidelines, this court would have upwardly departed from the
21 guidelines to reach the seventy-two (72) month prison sentence imposed on MALONE.
22 ///
23 ///
24

25   [2]At the Herrera/Kincaid-Chauncey trial, Galardi testified that, in 2002, liquor sales in one
26 of his strip clubs exceeded $14 million and that his personal income from that club alone
exceeded $6 million in cash.
27
   [3]A number of the illicit payments to Herrera and Kenny were fraudulently identified as
28 "campaign contributions" for the respective state and national campaigns.

1  Accordingly, Defendant MALONE's Motion to Correct Sentence (Doc. #574) is
2  DENIED.
3  DATED this 15th day of March, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE